## Illinois Southern Railway Company v. William Hayer.

1. DEGREE OF CARE—*what, required in emergencies.* One cannot be expected to exercise the same degree of care and judgment in emergencies as under ordinary circumstances.

2. PHOTOGRAPHS—*when admisssion of, not erroneous.* The admission of photographs showing in part the scene of the accident, is not erroneous where the omitted portion is made the subject of evidence.

Action in case for personal injuries. Appeal from the Circuit Court of Randolph county; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

WILLIAM SCHUERK, L. M. KAGY and R. J. GODDARD, for appellant; E. C. RITSHER and W. T. ABBOTT, of counsel.

H. CLAY HORNER, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee brought this suit to recover damages for personal injuries, sustained by him by reason of his having been thrown from a wagon while driving along a public highway, approaching a crossing of appellant's tracks near Sparta, Illinois.

The declaration charges in one count that appellant's servants, in charge of a locomotive engine upon its railroad track, failed to ring the bell or sound the whistle at a distance of eighty rods from the crossing, and to keep the bell ringing or whistle sounding until the crossing was reached, and that in consequence of such neglect the locomotive and the train attached to it ran so suddenly and rapidly near to appellee's wagon and team as to cause the team to suddenly turn around, cramp and overturn the wagon and throw plaintiff violently to the ground. Another count charged failure on the part of appellant to construct and maintain its highway crossing and approaches thereto within the right of way, so that they would be at all times safe for persons and property, and still another count was based upon the statute requiring railroad companies, on crossing public highways, to restore the highway to its former state, or to such state as not to unnecessarily impair its usefulness, and charges that by reason of appellant's failure to comply with the statute appellee was injured.

There was a trial by jury in the court below, which resulted in a verdict and judgment in favor of appellee.

The crossing where the injury occurred is about a mile from Sparta, and the highway in that locality runs east and west, crossing the railroad, which runs somewhat northeast and southwest, at a sharp angle, so that a person approaching the crossing from the west in the middle of the highway would be only about twenty feet from the railroad track when he was 100 feet from the point where the traveled track crossed the railway. A few feet west of the center of the crossing, there is another road, leading north from and at right angles to the highway, known as the Boyd road. From the time of the construction of the railroad, there had always been considerable ascent both on the highway and the Boyd road from the level ground to the railroad crossing, and some two or three years before the

injury the main track of the railroad was moved about twenty feet further north on the right of way and the new track raised some six and one-half feet higher than the old track. At the same time the approaches from both roads were correspondingly raised, so there was a high bank on each side of the roadway approaching from the west on the highway and also approaching from the north on the Boyd road, leaving a depression of some depth between the approaches of the two wagon roads, the top of the slope at the intersection of the two wagon roads being a little less than twenty feet from the north railroad track. About eighty yards west of the approach on the highway there is a hill, and between that and the crossing, a depression for a considerable distance, so that a train from the east cannot be seen by a person upon the highway, until he is about 100 feet west of the crossing and close to the railroad track, on the south. On October 22, 1904, appellee, a man thirty-three years of age, who lived in the neighborhood, was traveling over the highway towards the east, making his third trip as a mail carrier over the route, driving two horses to a spring wagon. He claims that he stopped and listened for a train at the hill eighty rods west of the crossing, and, discovering none, came on east, and as he reached the top of the slope to the crossing, a train came suddenly towards and facing him from the east and passed within a few feet of his team; that the team became frightened and unmanageable, turned to the left, cramped and upset the wagon and threw him out over the embankment, causing injuries for which he brought suit; that the train passed not over eight feet from the horses and that he could not turn his team around on account of the narrowness of the embankment constructed by appellant, on which he was driving.

Appellant contends that the evidence in the case was not of such a character as to sustain the verdict and judgment in favor of appellee, and that the court erred in certain rulings upon the evidence, and in regard

to the instructions. The evidence upon the question whether the statutory signals were given or not, was conflicting and irreconcilable, and under such circumstances it was for the jury to determine which side was in the right. Whether appellee was in the exercise of ordinary care for his own safety in approaching the crossing, and in his attempted management of the team after they became frightened by the train, was also a question of fact for the jury. One cannot be expected to exercise the same degree of care and judgment in the management of a team in sudden emergency, like that shown by the evidence in this case, that could be expected under ordinary circumstances, and no general rule of conduct can be laid down which the court can say, as a matter of law, must be followed under all conditions. What degree of care is required in approaching a railroad track and in the management of a frightened team, depends upon the circumstances of each case. C., B. & Q. R. R. Co. v. Pollock, 195 Ill. 156.

Whether appellant constructed and maintained its highway crossing and approaches thereto within the right of way at the place in controversy, so that at all times they were safe for persons and property, and whether in crossing the public highway it restored the same to its former state, or to such state as not to unnecessarily impair its usefulness, were also questions of fact for the jury. The conditions surrounding the crossing were fully disclosed by the evidence, so that the jury had plenty of data from which to determine whether or not the statute in the cases named had been complied with.

Appellant complains that the court erred in admitting certain photographs in evidence. When they were offered in evidence by appellee, they were objected to by appellant, because, as stated, they did not show or purport to show the conditions at the place where the plaintiff's injury is alleged in his declaration to have occurred. It is true they did not show the level space at the crossing, but they did show portions of the rail-

road and highway which were involved in the controversy, and concerning which both sides offered evidence. We are of opinion that with the explanation given in connection therewith, there was no error in admitting the photographs in evidence.

There is no error in permitting several witnesses to answer questions concerning the possibility of turning the team around at the crossing, as those questions and answers had bearing upon the question whether the company had constructed and maintained its highway crossings and approaches thereto within the right of way, so that at all times they should be safe for persons and property.

Only two instructions were given for appellee, and appellant makes no objection concerning them. A number of instructions were given on behalf of appellant, which appear to cover fully its theory of the case, and we find nothing in the modification by the court of several instructions and its refusal to give certain others, to warrant the conclusion that there was any substantial error committed by the trial court in regard to the instructions.

The judgment of the court below will be affirmed.

*Affirmed.*